FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 2 8 2009 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

PHILIP COSTANZA,

    Defendant.

07-CR-725 (JBW)

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

  Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in section 3553(a)(4), the court is required to state the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines has been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006).

  The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." United States v. Cavera, 550 F.3d 180, 193 (2d Cir. 2008) (quoting Rita v. United States, 127 S.Ct. 2456, 2468 (2007)) (internal quotations and alterations omitted). Although a written statement of reasons pursuant to

1

18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

On December 24, 2008, Philip Costanza was found guilty by jury verdict of counts six, seven and eight of a nine-count superseding indictment. Count six charged that between September 4, 2007 and September 5, 2007, the defendant, together with others, for the purpose of gaining entrance to or maintaining or increasing position in the Colombo organized crime family, conspired to assault with a dangerous weapon either John Doe #4, John Doe #5, or both individuals, in violation of New York State Penal Law §§ 120.05(2) and 105.05, and 18 U.S.C. § 1959(a)(6). Counts seven and eight charged that on September 5, 2007, the defendant, together with others, for the purpose of gaining entrance to or maintaining or increasing position in the Colombo organized crime family, assaulted with a dangerous weapon John Doe #4 and John Doe #5, in violation of New York State Penal Law §§ 120.05(2) and 20.00, and 18 U.S.C. § 1959(a)(3).

Costanza was sentenced on July 10, 2009. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere during sentencing and the various in-court factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

At sentencing, the court found the total offense level to be fourteen and defendant's criminal history category to be two, yielding a guidelines range of imprisonment of between eighteen and twenty-four months. Count six carried a maximum term of imprisonment of three years. See 18 U.S.C. § 1959(a)(6). Counts seven and eight each carried a maximum term of

imprisonment of twenty years. See 18 U.S.C. §§ 1963(a) and 1959(a)(3). The guidelines range of fine was from $4,000 to $40,000.

Costanza was sentenced to twenty-four months imprisonment and three years supervised release. A $300 special assessment was imposed. No fines were imposed because the defendant does not, and likely will not in the future, have assets to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). Imprisonment for twenty-four months – a sentence within the guidelines range – is appropriate in this case. See 18 U.S.C. § 3553(a)(4)(A).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). The crimes of conviction involved violence and intimidation meant to protect and advance the interests of a dangerous criminal enterprise. The court declined to sentence above the calculated guidelines range because defendant is seriously ill, and potentially faces deportation resulting from this conviction. A sentence at the top of the guidelines range as calculated by the court reflects the seriousness of the offense, will promote respect for the law and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that involvement with organized crime through acts or threats of violence will result in a substantial prison sentence. Specific deterrence is achieved through incapacitation and the potential consequences for the defendant's immigration status. It is unlikely that he will engage in further criminal activity in light of his poor health and his relatively advanced age.

3

Jack B. Weinstein
Senior United States District Judge

Dated: July 24, 2009
      Brooklyn, New York